UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRADY J. ARCENEAUX, ET AL.           CIVIL ACTION

VERSUS                                NUMBER 08-88-RET-SCR

SYNGENTA CROP PROTECTION, INC.
ET AL.

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 19, 2008.

                                               STEPHEN C. RIEDLINGER
                                               UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRAD J. ARCENEAUX, ET AL.

VERSUS

SYNGENTA CROP PROTECTION, INC.,
ET AL.

CIVIL ACTION

NUMBER 08-88-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Jacquelyn P. Arceneaux.[1]  Record document number 21.  The motion is opposed.[2]

Plaintiffs filed this suit in state court on January 16, 2008 alleging that Brady Arceneaux developed esophageal cancer resulting from exposure to toxic chemicals, including 2,6-diethyl-4-methyl-phenyl malonamide and/or beta napthylamine.  Plaintiffs alleged that the exposure occurred on or about September 19, 2005.  On that date Brady Arceneaux was assigned by his employer, Shaw Maintenance, Inc.,[3] to repair large pieces of machinery located at a facility operated by Syngenta Crop Protection, Inc.  Plaintiffs alleged that while making the repairs, Brady Arceneaux, who was

---

[1] Plaintiff Brady Arceneaux died on January 30, 2008 after filing the state court action.  Jacquelyn Arceneaux is his wife.

[2] Record document numbers 24 and 25, opposition memorandum filed by Shaw Maintenance, Inc., and opposition memorandum filed jointly by Scott Technologies, Inc. and Syngenta Crop Protection, Inc., respectively.  Plaintiff filed a reply memorandum.  Record document number 37.

[3] Shaw noted in its consent to removal that it was incorrectly referred to it as The Shaw Group.

wearing a protective suit allegedly manufactured by defendant Scott Technologies, Inc., became covered with a powder containing the toxic chemicals.  Plaintiffs alleged that when Brady Arceneaux finished his work, he removed his suit and noticed that the toxic powder was on his face and neck.  At that time, he exhibited no signs of injury.  Plaintiffs alleged that an examination of Brady Arceneaux conducted by a physician shortly thereafter yielded no objective findings.  However, in January 2007 Brady Arceneaux began experiencing throat irritation and difficulty swallowing and was subsequently diagnosed with esophageal cancer on February 2, 2007.  Following multiple surgeries and radiation treatment, plaintiff Brady Arceneaux died on January 30, 2008.

With regard to defendant Shaw, the plaintiffs made numerous (albeit largely repetitive) allegations of negligent and intentional acts, and failures to act, by Shaw.  Plaintiffs alleged that Shaw negligently failed to warn Brady Arceneaux of the hazardous nature of the chemicals on Syngenta's premises, instruct him on the proper use of the personal protective equipment he was required to use, and offer monitoring or other preventative medical care after his exposure.  Shaw also allegedly failed to adequately evaluate and assess the hazards inherent in working with or around toxic chemicals and hazardous substances, and failed to conduct a proper industrial hygiene study following commonly accepted

industrial hygiene practices.[4]

Defendant Scott Technologies removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332(a), specifically alleging that Shaw, a Louisiana corporation, was fraudulently joined.[5] Defendants argued that the plaintiffs' allegations established that the claims against Shaw were covered under the Louisiana Workers' Compensation Act (LWCA), LSA-R.S. 23:1031, et seq., and thus Shaw is immune from tort liability. Defendants also argued that the plaintiffs' allegations were insufficient to invoke the intentional tort exception to Shaw's tort immunity.

In support of her motion to remand, plaintiff Jacquelyn Arceneaux asserted that the defendants cannot meet their burden of demonstrating that the plaintiff has no possibility of recovery against Shaw.[6] Specifically, the plaintiff argued that Shaw is not immune from liability under the LWCA because the claims alleged are not covered under the act. Plaintiff also argued that she has a claim against Shaw for certain intentional torts committed against Brady Arceneaux. Thus, the issue to be resolved is whether the

---

[4] Record document number 1, Petition for Damages (filed with Notice of Removal), ¶¶ 27-36.

[5] There is no dispute regarding the diversity of citizenship of defendants Scott Technologies and Syngenta, nor that the amount in controversy is sufficient to support diversity jurisdiction.

[6] Hereafter, references to the plaintiff are to Jacquelyn Arceneaux unless noted otherwise.

3

defendants have established fraudulent joinder, now referred to as improper joinder, under controlling Fifth Circuit standards.

## **Applicable Law**

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the non-diverse defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two ways recognized to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*., *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that

there is no possibility of recovery by the plaintiff against the non-diverse defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant. *Smallwood*, 385 F.3d at 573. The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the party opposing the removal. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

Under LSA-R.S. 23:1031 workers' compensation benefits shall be paid by the employer when an employee receives personal injury by accident arising out of and in the course and scope of his employment. An "accident" is defined by the statute as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." LSA-R.S. 23:1021(1). Injuries covered by the LWCA include only those caused "by violence to the physical structure of the body and such disease or infections as naturally result

5

therefrom..." and do not include "any other form of disease or derangement, however caused or contracted." LSA-R.S. 23:1021(8)(a). An employee can also be entitled to workers' compensation benefits if he becomes disabled because of the contraction of an occupational disease, which is defined as a "disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease." LSA-R.S. 23:1031.1(A) and (B).

Workers' compensation benefits are the exclusive remedy of an employee against an employer for injuries arising out of and in the course and scope of his employment. LSA-R.S. 23:1032. But for certain exceptions enumerated by the statute, an employer is thus immune from tort liability resulting from any claim covered under the LWCA. However, if the employee's injury is not compensable under the Act because it does not fit into the LWCA's definition of an injury, then the employer is not immune from tort liability. *Spillman v. South Central Bell*, 518 So.2d 994 (La. 1988).

### **Analysis**

A review of the record in light of the applicable law shows that the defendants' arguments and submissions are insufficient to carry their burden of demonstrating improper joinder. Defendants have failed to establish that there is no reasonable possibility Brady Arceneaux's injury will not be compensable under the LWCA.

In other words, there is at least a reasonable possibility that his injuries will not be compensable under the LWCA. Consequently, the defendants have also failed to show that Shaw is immune from tort liability in this case.

The Louisiana Supreme Court has held that if an employee's injuries are found not to be compensable under the LWCA, the employee is allowed to pursue an action in tort.[7] Shaw initially disputed Brady Arceneaux's claim for workers' compensation benefits and his claim is currently pending before the Office of Workers' Compensation.[8] Plaintiff noted that in its Answer to Disputed Claim for Compensation/1008 Shaw specifically asserted that Brady Arceneaux was not disabled as a result of any alleged work accident entitling him to any benefits under the LWCA.[9] Based on its Answer to Disputed Claim for Compensation/1008, Shaw takes the position that plaintiff's claims are not compensable under the LWCA.[10]

---

[7] *O'Regan v. Preferred Enterprises, Inc.*, 758 So.2d 124 (La. 2000), *citing*, *14 H. Alston Johnson, Louisiana Civil Law Treatise, Workers' Compensation* § 366, at 226 (3d. ed. 1994).

[8] Plaintiff exhibits E and F, Supplemental Petition for workers' compensation benefits and Shaw's Answer to Disputed Claim for Compensation/1008, respectively.

[9] Plaintiff exhibit F, ¶ II.

[10] Defendants Scott and Syngenta argued that Shaw's answer in the workers' compensation case was meant only to assert that the plaintiffs could not meet their burden of proof on causation, which "is not the same thing as denying coverage under the Act. According to them, "[n]owhere does Shaw deny that a compensable event or 'accident' occurred." Record document number 25, (continued...)

Given these circumstances and all of the other available information, and resolving all factual disputes in favor of the plaintiff, this court cannot find there is no reasonable possibility that the plaintiff can recover from Shaw on her state law tort claims.[11]  To put it differently, after applying the required standard, this court cannot find that Brady Arceneaux's claims are compensable under the LWCA.

Although the defendants presented arguments and case law to support finding that Brady Arceneaux's accident and injury are

---

[10](...continued)
opposition memorandum, p. 7.  These arguments are unpersuasive.  When Shaw was asked to admit that Brady Arceneaux's September 19, 2005 exposure was an "accident" and he suffered an "injury" as these terms are defined by the LWCA, Shaw refused to do so.  Instead, Shaw either objected that the requests called for a legal conclusion or denied the requests for lack of information.  Record document number 27, plaintiff's reply memorandum, exhibit A, Employer's [Shaw's] Response to Claimants' First Set of Requests for Admissions, pp. 2-4.  While it may be true that Shaw has never denied that an "accident" under the LWCA occurred, neither has Shaw unequivocally admitted that Brady Arceneaux's exposure was an "accident" and that he suffered an "injury" as these terms are defined in the LWCA.

[11] None of the defendants make a persuasive argument that the plaintiff's tort claims based on Shaw's alleged negligence - which alleged negligent acts must be either accepted as true or resolved in the plaintiff's favor if contested - are insufficient to support recovery against Shaw under state law.  Shaw's motion to dismiss, record document number 16, is based on employer immunity from tort under the LWCA and failure to state a claim for intentional tort.  Shaw makes no cogent and persuasive argument in support of its motion that the plaintiff's claims based on Shaw's negligent conduct are not sufficient to state a claim under state law.  Consequently, it is not necessary to determine whether there is a reasonable possibility the plaintiff can recover under state law on her intentional tort claim.

compensable under the LWCA, this does not establish what decision the Office of Workers' Compensation will ultimately reach, and this Court is not in a position to make such a definitive determination based on the available information.  If the plaintiff's claim for workers' compensation benefits is ultimately successful, then the plaintiff would be barred from pursuing her present tort action against Shaw.  However, the record is not sufficient for this Court to find that no reasonable possibility of recovery against Shaw exists because of employer immunity under the LWCA.[12]

### Recommendation

It is the recommendation of the magistrate judge, that the Motion to Remand filed by plaintiff Jacquelyn P. Arceneaux be granted.

Baton Rouge, Louisiana, May 19, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[12] Based on this conclusion, it is unnecessary to address the plaintiff's alternative argument that this case is nonremovable under 28 U.S.C. § 1445, which precludes removal of actions arising under a state's workmen's compensation laws.